IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID LEROY WHITE, | : | MOTION TO VACATE |
| BOP No. 58808-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:13-CV-3017-TCB-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:06-CR-476-TCB-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on David Leroy White's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." [Doc. No. 110]. For the following reasons, the undersigned recommends that Mr. White's motion be dismissed and that a certificate of appealability be denied.

In 2008, Mr. White pled guilty to being a felon in possession of a firearm. See [Doc. No. 68]. Because he was determined to have three previous qualifying convictions, Mr. White was sentenced as an Armed Career Criminal. See [Doc. No. 76]. Mr. White's attorney filed a notice of appeal. See [Doc. No. 79]. Mr. White's attorney then submitted a brief under Anders v. California, 386 U.S. 738 (1967), and moved to withdraw from the representation. After finding no arguable issues of merit in its independent examination of the entire record, the United States Court of Appeals for the Eleventh Circuit affirmed Mr. White's conviction and sentence. See United States v. White, 332 F. App'x 601 (2009).

On March 1, 2010, the Supreme Court denied Mr. White's petition for a writ of certiorari. See White v. United States, 559 U.S. 987 (2010).

Mr. White then had one year - until March 1, 2011 - to file a motion to vacate, set aside, or correct his sentence. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 527 (2003). In 2010, Mr. White filed a motion that he subsequently withdrew. See [Doc. Nos. 101, 103, 104]. In July 2011 – after the one-year deadline for filing a § 2255 motion had passed – Mr. White filed a motion requesting an extension of time to file a motion that this Court denied. See [Doc. Nos. 106, 107]. Mr. White moved for reconsideration, which this Court also denied in January 2012. See [Doc. Nos. 108, 109].

This matter is now before the Court because Mr. White finally filed - on September 2, 2013 - a § 2255 motion. See [Doc. No. 110]. Mr. White now contends that one of the predicate offenses relied upon as a basis for sentencing him as an Armed Career Criminal should not have been counted. See [Doc. No. 110-1 at 2-5]. Mr. White contends that his sentence reflects a complete miscarriage of justice, cognizable in a § 2255 proceeding. Cf. Spencer v. United States, No. 10-10676, 2013 U.S. App. LEXIS 16895 (11th Cir. Aug. 15, 2013).

AO 72A
(Rev.8/82)

The two cases that Mr. White cites in support of his § 2255 motion were, however, decided in 2010 and 2008, respectively. See Johnson v. United States, 559 U.S. 133 (2010); Begay v. United States, 553 U.S. 137 (2008). The arguments that Mr. White now makes were available to him well before the one-year limitations period for filing a § 2255 motion expired. This period ran until March 1, 2011, the one-year anniversary of the denial of his petition for certiorari. It is clear that Mr. White has waited too long to raise these claims, without legal excuse for the delay.

Furthermore, Mr. White waived in his plea agreement, "[t]o the maximum extent permitted by federal law, . . . the right to collaterally attack his sentence in any post-conviction proceeding on any ground, including a § 2255 proceeding," with limited exceptions not applicable here. See [Doc. No. 68-1 at 5]. In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of that waiver." Bushert, 997 F.2d at 1351.

3

Those requirements are met in this case. See [Doc. No. 87 at 7-8 (Rule 11 hearing transcript)]. As a result - and barring special circumstances not alleged to apply in this case - Mr. White's § 2255 motion is subject to dismissal on the basis of waiver as well.

Because it plainly appears from Mr. White's motion and the record of prior proceedings that he is not entitled to relief, dismissal of this case is required. See 28 U.S.C. foll. § 2255, Rule 4(b). Therefore, the undersigned **RECOMMENDS** that Mr. White's motion [Doc. No. 110] be **DISMISSED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

4

to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted).  In this case, Mr. White has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 17th day of September, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)