IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION FILE |
| ) | |
| DAVID LEROY WHITE, ) | NUMBER 1:06-cr-476-TCB-ECS |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court on Defendant David Leroy White's objections [113] to Magistrate Judge E. Clayton Scofield III's report and recommendation [111], which recommends that White's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [110] be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the R&R and White's objections. Having done so, the Court finds that Magistrate Judge Scofield's factual and legal conclusions are correct and that White's § 2255 motion should be denied.

In 2008, White pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His plea agreement contained an appeal waiver in which he waived his right to collaterally attack his sentence. *See* [68-1] ¶ 11 ("To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal conviction and sentence and the right to collaterally attack his sentence in

any post-conviction proceeding on any ground including a § 2255 proceeding, except [two exceptions not relevant here]."). White had previously been convicted of several felonies. Based on those felonies, the Court sentenced him under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1).

White pursued an unsuccessful direct appeal in which his counsel filed an *Anders* brief and the Eleventh Circuit reviewed the record and found no error. *See United States v. White*, 332 F. App'x 601 (11th Cir. 2009); *cert. denied*, 559 U.S. 987 (2010). His conviction became final on March 1, 2010, when the United States Supreme Court denied certiorari. *See Nguyen v. Untied States*, 420 F. App'x 875, 877 (11th Cir. 2011) (citing *Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001)).

White now brings a § 2255 motion challenging his enhanced sentence imposed under the ACCA. The ACCA enhances felon-in-possession sentences when the defendant has three prior violent felony convictions. 18 U.S.C. § 924(e)(1). White had three convictions, but he argues that one, for robbery, was nonviolent and should not have qualified as a predicate for ACCA enhancement. As such, he argues that his sentence enhancement under the ACCA was improper.

4

But White's § 2255 motion is procedurally barred for three reasons: first, it is untimely because it was made more than one year after his conviction became final; second, his claim is procedurally defaulted because he failed to raise it on direct appeal; and third, he cannot make a collateral attack on his sentence because he waived the right to do so in his plea agreement.

First, the untimeliness. White had one year after the Supreme Court denied certiorari in his direct appeal—that is, until March 1, 2011—to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). In July 2011, after that one-year period came and went, he moved for an extension of time to file a § 2255 motion. The Court denied his motion. White moved for reconsideration, which the Court also denied. White finally filed this § 2255 motion on September 2, 2013: three years, six months and one day after his conviction became final on March 1, 2010. His § 2255 motion is clearly untimely.

Second, the procedural default. White failed to raise his sentencing argument on direct appeal. Accordingly, his claim that he was improperly sentenced under the ACCA is procedurally defaulted, "such that [he] cannot raise it in a collateral proceeding" because he "could have raised [the] issue on direct appeal but did not do so." *Hill v. United States*, 2013 WL

5526521, at *2 (11th Cir. Oct. 8, 2013) (unpublished) (per curiam) (affirming a district court's refusal to hear a nearly identical collateral attack on an ACCA-enhanced sentence because the defendant did not raise the argument on direct appeal).

Third, White's appeal waiver.  White agreed to waive his right to collaterally attack his sentence with only a few exceptions not relevant here.  In our circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." *United States v. Bushert*, 997 F.2d 1343, 1345 (11th Cir. 1993); *see Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding).  The magistrate judge found that White made his appeal waiver knowingly and voluntarily, and White does not contest that finding.  He argues only that his appeal waiver should be invalidated because he was incorrectly led to believe he was due to be sentenced under the ACCA.  But at sentencing the Court "specifically questioned [White] concerning the sentence appeal waiver," making it enforceable.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see* [87] at 7-8 (containing the Court's colloquy with White in which he stated he understood that he was waiving his right to collaterally attack his sentence and that his plea was voluntary).

White argues the Court should hear his § 2255 motion despite these three separate procedural bars. He claims two exceptions permit his motion to be heard.

First, White argues that recent Supreme Court cases approving of his argument permit an untimely § 2255 motion. Under § 2255(f)(3), if the Supreme Court recognizes a new right retroactively applicable on collateral review, a defendant can file an otherwise-untimely § 2255 motion within one year of the date the Supreme Court recognizes the new right. 28 U.S.C. § 2255(f)(3). White argues the Supreme Court recognized a new right in *Johnson v. United States*, 559 U.S. 133 (2010), or in *Begay v. United States*, 553 U.S. 137 (2008). But his § 2255 motion is still untimely: he filed it more than one year after those cases were decided. Even if the Court accepts White's contentions that the Supreme Court recognized a new retroactive right, he had to file his § 2255 motion within one year of the date the Supreme Court recognized the new right. But the cases he identifies were decided in 2008 and 2010. A § 2255 motion filed in 2013 based on a new right allegedly recognized in 2008 or 2010 is untimely. 28 U.S.C. § 2255(f)(3). The Court need not reach the questions of whether either Supreme Court case recognized a new right, whether the new right is

retroactively applicable on collateral review, or whether the new right vindicates White's position. Even if all the answers favor White, he waited too long to make his § 2255 motion. This exception does not apply.

Second, White argues the Court should hear his § 2255 motion under the "miscarriage of justice exception." What White calls the "miscarriage of justice exception" is commonly called the actual innocence exception. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). The actual innocence exception permits § 2255 movants to overcome time or procedural bars if they are actually innocent of the crime for which they were convicted. *Id.* To invoke the actual innocence exception, a defendant must demonstrate that constitutional violations "have probably resulted in the conviction of one who is actually innocent" and that barring the § 2255 claim would amount to a "miscarriage of justice." *Schlup v. Delo*, 531 U.S. 298, 326-27 (1995). Only "new reliable evidence" can be the basis for an actual innocence claim. *Id.* at 324.

This exception does not fit. The Eleventh Circuit has held that the actual innocence exception "does not apply to an armed career criminal designation because that designation is not a separate substantive offense for which [the defendant] stands convicted." *Rogers v. United States*, 2011

WL 3625623, at *3 (M.D. Fla. Aug. 17, 2011) (citing *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) (en banc) ("A defendant who is convicted and then has the [U.S.S.G.] § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence *has not been convicted of being guilty of the enhancement.*" (emphasis added)).[3]

White's § 2255 motion is barred, and no exception permits the Court to hear it. Accordingly, the Court ADOPTS AS ITS ORDER the Report and Recommendation [111] and DENIES White's motion to vacate [110]. A certificate of appealability is DENIED.

IT IS SO ORDERED this 5th day of November, 2013.

Timothy C. Batten, Sr.
United States District Judge

---

[3] *Gilbert* dealt with enhancement under the United States Sentencing Guidelines, not the ACCA. *See* U.S.S.G. § 4B1.1. But the *Gilbert* court explained that the term "violent felony" in the ACCA "is virtually identical to 'crime of violence' in § 4B1.1, so that decisions about one apply to the other." *Gilbert*, 640 F.3d at 1309 n.16 (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009)).